**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**RENTRAK CORPORATION**                                                                                          **PLAINTIFF**

**v.**                                              **3:11CV00067-BRW**

**FLICKERS, LP;
FLICKERS II, LP;
FLICKERS III, LP;
FLICKERS V, LLC;
KJS WEST MEMPHIS, LLC;
BBV HOLDINGS, LLC, as Guarantor;
BBV-GP, INC., as Guarantor;
NEW ENGLAND VIDEO, LTD;
NEW YORK VIDEOS, LTD;
and BBV-GP II, INC., as Guarantor**                                                           **DEFENDANTS**

**DEFAULT JUDGMENT**

Pending is Plaintiff's second Motion for Default Judgment (Doc. No. 7).  As explained below, the Motion is GRANTED in part and DENIED in part.

On April 6, 2011, Plaintiff filed its complaint against Defendants, alleging breach of contract.[1]  Despite being properly served, Defendants failed to respond to the Complaint.  On May 13, 2011, the Clerk of the Court entered default against Defendants.[2]

Plaintiff's first Motion for Default Judgment[3] was denied without prejudice, and Plaintiff was directed to "explain, in plenary detail, how it arrived at the amounts it is requesting in damages."[4]  Plaintiff's second Motion for Default Judgment[5] is adequately supported by invoices

---

[1] Doc. No. 1.

[2] Doc. No. 4.

[3] Doc. No. 5.

[4] Doc. No. 6.

[5] Doc. No. 7.

and account statements detailing the amounts Defendants owe Plaintiff,[6] and an affidavit by Plaintiff's Director of Credit and Legal Services, Lynne Murphy.[7]

Accepting the factual allegations in the Complaint as true,[8] I find that Defendants have failed to make outstanding payments to Plaintiff, have presented checks that were returned for insufficient funds, and have failed to turn over Trust Funds held for Plaintiff's benefit. Plaintiff is therefore entitled to default judgment against Defendants for the relief requested, as follows:

Defendants Flickers and BBV-GP are jointly and severally liable to Plaintiff in the amount of $23,147.39.

Defendants Flickers II and BBV-GP are jointly and severally liable to Plaintiff in the amount of $33,111.01.

Defendants Flickers III and BBV-GP are jointly and severally liable to Plaintiff in the amount of $50,265.00.

Defendants Flickers V and BBV Holdings are jointly and severally liable to Plaintiff in the amount of $6,943.92.

Defendants KJS West Memphis and BBV Holdings are jointly and severally liable to Plaintiff in the amount of $4,201.92.

Defendants NY Videos and BBV-GP II are jointly and severally liable to Plaintiff in the amount of $15,096.34.

Defendants New England Video and BBV-GP II are jointly and severally liable to Plaintiff in the amount of $26,408.38.

---

[6]Doc. Nos. 7-5, 7-6, 7-7, 7-8.

[7]Doc. No 7-9.

[8]*Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

Defendants Flickers, Flickers II, Flickers III, Flickers V, KJS West Memphis, BBV-GP, and BBV Holdings are jointly and severally liable to Plaintiff in the amount of $42,736.65 for presenting checks to Plaintiff that were returned for insufficient funds.

Defendants New York Videos, New England Video, and BBV-GP II are jointly and severally liable to Plaintiff in the amount of $70,011.48 for presenting checks to Plaintiff that were returned for insufficient funds.

Plaintiff is entitled to post-judgment interest, at the rate of 0.19%, on the above amounts under 28 U.S.C. § 1961.

Plaintiff also requests pre-judgment interest, which is a matter of state law in diversity cases.[9] In Arkansas, damages must be capable of exact determination, both in time and amount, in order for prejudgment interest to be awarded.[10] Here, the amounts owed accrued over a period of time, and so Plaintiff's damages are not—on this record—capable of exact determination as to time. Accordingly, Plaintiff's request for pre-judgment interest is denied.

In addition, Plaintiff states that $10,226.50 has been billed to date in attorneys' fees. Plaintiff also states that the final amount of attorneys' fees will be reflected in a motion once the default judgment has been entered. Accordingly, its request for attorneys' fees and costs is denied without prejudice.

IT IS SO ADJUDGED this 18th day of July, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[9] *Schwan's Sales Enterprises, Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007).

[10] *Mitcham v. First State Bank of Crossett, Arkansas*, 333 Ark. 598, 601–02, 970 S.W.2d 267, 269 (1998).